**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| KENNETH SHARPLES, K92574, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-1065-DWD |
| | ) | |
| J.B. PRITZKER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On May 30, 2023, the Court dismissed Plaintiff's Second Amended Complaint for failure to state a claim, and it closed the case after finding future opportunities to amend would not be fruitful.  (Doc. 27).  The Court reached this disposition after affording Plaintiff three opportunities to file a narrowly tailored complaint that satisfied the Rules of Civil Procedure.  Plaintiff has now moved to reconsider the dismissal of his case on the premise that he does not adequately understand how to draft an appropriate pleading (Doc. 29), and he has also moved for the appointment of counsel to assist him in the preparation of an adequate pleading (Doc. 30).

A court may alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59.  "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact."  *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (*citing Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir.

2000)).  Under Rule 59(e), "[a] 'manifest error' is not demonstrated by the disappointment of the losing party;" it "is the 'wholesale disregard, misapplication or failure to recognize controlling precedent.'" *Bilek v. Am. Home Mortg. Servicing*, No. 07 C 4147, 2010 WL 3306912 at *1 (N.D. Ill. Aug. 19, 2010) (*quoting Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).  "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (*quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1986)).  If a motion to reconsider is made more than 28 days after the close of the case, the it is considered under Federal Rule of Civil Procedure 60, which allows a Court to alter or amend a judgment for factual or legal error.

Plaintiff's Motion was filed within 28 days of the close of this case, so it can be considered under Rule 59(e).  However, Plaintiff has not provided an adequate basis to undermine the Court's May 30th ruling.  For example, he does not identify an error of law or fact that the Court made, nor does he identify newly discovered evidence that he was previously unable to present.  Rather than provide any substantive reason to undermine the Court's ruling, Plaintiff now argues that he does  not understand how to draft a pleading that complies with Federal Rule of Civil Procedure 8.  He has also moved for the appointment of counsel to assist him in drafting a more sufficient pleading.  The request for counsel comes too late, and the Court does not find that it would have been warranted now or earlier.

There is  no right to the appointment of counsel in civil matters.  *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010).  When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).  Plaintiff avers that he sought counsel on his own behalf, and he submitted copies of two letters he alleges he sent in late 2022 to seek his own counsel.  (Doc. 30 at 3-4).  Plaintiff states that he needs the assistance of counsel because he does not understand what is required to prepare a pleading that satisfies Rule 8.  Many inmates who opt to litigate matters related to their confinement are required to do so without the assistance of counsel.  Plaintiff's last-minute request for counsel, after his case was dismissed in full, is not persuasive.  Plaintiff was able to prepare three entire complaints without assistance.  The mere fact that the complaints ultimately failed at framing a claim does not mean that he should have been granted counsel, or that counsel is warranted now.

[CONTINUED ON NEXT PAGE]

Even if appointed counsel would have been helpful for Plaintiff earlier in this case, the lack of counsel in the absence of an earlier motion for counsel is not a sufficient basis to now grant counsel, or to undermine the ruling dismissing this case.  Accordingly, the Court finds it appropriate to deny Plaintiff's Motion to Reconsider (Doc. 29), and his Motion for Counsel (Doc. 30).

**IT IS SO ORDERED.**

**Dated**: November 30, 2023

_/s/ David W. Dugan_
**DAVID W. DUGAN**
**United States District Judge**